No. 85–1028. MICHIGAN v. BOOKER. C. A. 6th Cir. Motion of respondent for leave to proceed *in forma pauperis* and certiorari granted. Judgment vacated and case remanded for further consideration in light of *Allen* v. *Hardy, ante,* p. 255, and *Batson* v. *Kentucky,* 476 U. S. 79 (1986). 

CHIEF JUSTICE BURGER, dissenting.

I would reverse the decision of the Court of Appeals. The court concluded that the Sixth Amendment prohibits parties in a criminal case from using peremptory challenges to exclude black persons from the petit jury. In *Batson* v. *Kentucky,* 476 U. S. 79, 84–85, n. 4 (1986), petitioner raised precisely this Sixth Amendment argument. JUSTICE REHNQUIST and I rejected this posi-

1001

tion, observing that "because the case-specific use of peremptory challenges by the State does not deny blacks the right to serve as jurors in cases involving nonblack defendants, it harms neither the excluded jurors nor the remainder of the community." *Id.*, at 138. The Court in *Batson* did not challenge this conclusion and indeed, it refused to even discuss the Sixth Amendment issue. *Id.*, at 84–85, n. 4. Instead, the Court took the highly irregular step of considering an argument not raised by the petitioner, *id.*, at 112 (BURGER, C. J., dissenting), and concluded that the Equal Protection Clause was violated by the case-specific use of peremptory challenges on the basis of race.

It is apparent that the Sixth Amendment argument raised here is without merit. I would therefore simply reverse the decision of the Court of Appeals.